# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 49 WELFARE TRUST,** | No. 3:11-cv-01302-HU |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| **COAST INDUSTRIES, INC., dba Coast Janitorial Services,** | |
| Defendant. | |

Stephen H. Buckley
Email: shb@brownrask.com
Brownstein, Rask, et al.
1200 SW Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Facsimile: (503) 221- 1074

Cary R. Cadonau
Email: crc@brownrask.com
Brownstein, Rask, et al.
1200 SW Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Facsimile: (503) 221-1074

    Of Attorneys for Plaintiff

Page 1 - FINDINGS AND RECOMMENDATION

**HUBEL, J.,**

On April 13, 2012, Plaintiff filed this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., and the Labor Management Relations Act of 1947, 29 U.S.C. § 141 et seq., seeking to recover unpaid contributions to the Service Employees International Union 49 Welfare Trust (hereinafter, "the Fund").

Bernadette Artharee ("Artharee"), registered agent and owner of defendant Coast Industries, Inc. ("Defendant"), was served personally on November 3, 2011. (Docket No. 3 at 3.) Artharee failed to move or plead in response to Plaintiff's Complaint, or the First Amended Complaint which was filed and served on April 13 and May 23, 2012, respectively. As a result, the undersigned entered a Default Order on June 14, 2012. (Docket No. 22.) Plaintiff now moves for default judgment against Defendant. (Docket No. 23.)

The present action deals with the time period February 2011 through November 2011 (the "time period at issue"). At all times material to this lawsuit, Defendant was a signatory to a collective bargaining agreement ("CBA") in which it agreed to pay fringe benefits to the Fund on behalf of its employees that performed work covered by the CBA. Defendant also agreed to be bound the terms and conditions of the Trust Agreement that created the Fund. The Trust Agreement provides that, in the event a signatory fails to pay its fringe benefit contributions by the date established by the CBA (the 20th day of the month following the month in which work covered by the CBA was performed), interest must be assessed on the delinquent or late-paid fringe benefit contributions at the rate of

Page 2 - FINDINGS AND RECOMMENDATION

eight percent annum from the due date until it is paid. The Trust Agreement also requires payment of attorneys' fees and the assessment of liquidated damages in the amount of twenty percent of the delinquent or late-paid fringe benefit contributions.

According to Plaintiff's counsel, Cary Cadonau ("Cardonau"), his firm calculated the liquidated damages and interest owed by Defendant for the period at issue utilizing the rates set forth above. Based on those calculations, and the chart provided below which details the dates Defendant's payments were received, Plaintiff requests that judgment be entered against Defendant for $98.67 in interest and $950.86[1] in liquidated damages.

| Month/Year | Due Date | Date Paid | Benefits |
|---|---|---|---|
| Feb. 2011 | 3/20/2011 | 3/30/2012 | $453.68 |
| Mar. 2011 | 4/20/2011 | 7/18/2011 | $453.68 |
| Apr. 2011 | 5/20/2011 | 7/18/2011 | $453.68 |
| May 2011 | 6/20/2011 | 7/18/2011 | $453.68 |
| June 2011 | 7/20/2011 | 10/30/2011 | $489.94 |
| July 2011 | 8/20/2011 | 10/30/2011 | $490.06 |
| Aug. 2011 | 9/20/2011 | 10/31/2011 | $489.94 |
| Sept. 2011 | 10/20/2011 | 10/31/2011 | $490.04 |
| Oct. 2011 | 11/20/2011 | 2/23/2012 | $489.94 |
| Nov. 2011 | 12/20/2011 | 2/13/2012 | $489.94 |

Plaintiff also requests that judgment be entered against Defendant for $2,782.50 in attorneys' fees (13.25 hours x $210 per

---

[1] 20 % of the sum of the benefits column in the table below.

Page 3 - FINDINGS AND RECOMMENDATION

hour) and $433.75 in court costs incurred herein ($350 filing fee; $64.75 in service costs; and a $20 prevailing party fee). The Court finds these amounts to be reasonable and proper in light of the services performed and results obtained in this action.

I therefore recommend Plaintiff's motion (Docket No. 23) for default judgment be **GRANTED,** as follows: (1) Defendant should be ordered to pay $98.67 in interest and $950.86 in liquidated damages based on its failure to make timely fringe benefit contributions to the Fund; and (2) Defendant should be ordered to pay attorney's fees in the amount of $2,782.50 and costs in the amount of $433.75.

### *SCHEDULING ORDER*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **November 13, 2012.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **December 4, 2012.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 25th day of October, 2012.
/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 4 - FINDINGS AND RECOMMENDATION